UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA KIGHT, on behalf of herself and others similarly situated,<br><br>            Plaintiff,<br><br>v.<br><br>ESKANOS & ADLER, P.C.,<br><br>            Defendant. | Civil No. 05cv1999-L(AJB)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)** |

    Following denial of its motion to dismiss a portion of Plaintiff's fair debt collection practices complaint, Defendant Eskanos & Adler, P.C. moves for certification of interlocutory appeal pursuant to 28 U.S.C. § 1292(b).[1] Plaintiff Amanda Kight filed an opposition, and Defendant replied. For the reasons which follow, Defendant's motion is **DENIED**.

    Plaintiff Amanda Kight allegedly incurred consumer debt with American Express, which assigned it to Defendant for collection. Defendant sent Plaintiff a dunning letter, which she

---

[1] When Defendant contacted the court to obtain a hearing date, as required by Civil Local Rule 7.1(b), it requested a hearing on a motion for reconsideration, not a motion for certification of interlocutory appeal. Defendant's counsel now declares he "is not aware of any change in facts or law that would have merited a motion for reconsideration." (Decl. of Andrew Steinheimer, ¶ 2; Def.'s P.&A. at 3 n.1.) Consistency between the request to schedule a motion hearing and the motion filed advances efficient case management and enables that motions are appropriately prioritized. In the future, filing a motion other than that scheduled with the court may result in striking the motion filed at variance with the court's schedule.

claims violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.*.

Defendant moved pursuant to Rule 12(b)(6) to dismiss the complaint with respect to Plaintiff's claim that Defendant's dunning letter violated 15 U.S.C. § 1692g because it contained language which "overshadowed, weakened, and failed to comply with" the statutory notice requirement "because it attempted to limit the right available to Plaintiff in a manner that creates a contradiction that would confuse the least sophisticated consumer into disregarding his or her rights." (Compl. ¶ 22.) By order filed May 5, 2006, Defendant's motion was denied. Defendant's letter announced a lawsuit would be filed against Plaintiff in ten days, and at the same time informed her she could dispute the debt within thirty days. It left open the question of consequences if Plaintiff waited more than ten but less than thirty days to dispute the debt. (*See* Compl. Ex. 1.) In denying Defendant's motion to dismiss the court found the letter "convey[ed] the . . . message . . . that the debtor should ignore his or her right to take thirty days to verify the debt and act before the expiration of ten days," and was therefore threatening and confusing to the least sophisticated debtor. (Order Denying Def.'s Mot. to Dismiss, filed 5/5/06, at 5-6.)

Defendant seeks to certify the May 5 order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). "Section 1292(b) provides a mechanism by which litigants can bring an immediate appeal of a non-final order upon the consent of both the district court and the court of appeals." *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1025-26 (9th Cir. 1981). This certification is intended to be "used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *Id*. at 1026. Section 1292(b) provides in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Accordingly, the statute contains three certification requirements:

> (1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation.

*Cement Antitrust Litig.*, 673 F.2d at 1026. All three requirements must be met for certification to issue. *See* 28 U.S.C. § 1292(b). Defendant maintains its motion meets all three requirements. The court disagrees.

"[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *Id.* Defendant argues that the issue decided by the May 5 order is a controlling question of law because it is the only claim that provides the potential for class certification in this case. (*See* Def.'s P.&A. at 4-5.) The issue decided was whether Plaintiff adequately alleged a cause of action for a 15 U.S.C. § 1692g violation based on the claim that Defendant's dunning letter contained language which overshadowed the statutory notice requirement, and was likely to deceive or mislead a hypothetical least sophisticated debtor.[2] Defendant's argument that this is the only potential class claim is negated by the allegations in the complaint, which contains additional statutory claims, all of which are asserted as class allegations.[3] (*See* Compl. at 5-6; Opp'n at 7.) Although a different resolution of Defendant's motion to dismiss may affect one claim, it would not affect the remaining claims, and therefore would not materially affect the outcome of the litigation.

Defendant also argues that immediate appeal would materially advance the ultimate termination of this litigation because, if the appellate court were to reverse the May 5 order, "this will dispose of the class claims in plaintiff's complaint . . .." (Def.'s P.&A. at 12-13.) As discussed above, the complaint alleges additional claims on behalf of the putative class.

---

[2] Defendant suggests that the issue decided in the May 5 order was "whether the debt collector may inform the debtor of its intent to file . . . a lawsuit, or whether it overshadows or contradicts the statutory notice required to be provided the debtor which informs the debtor that he/she has 30 days to dispute the validity or any portion of the debt." (Def.'s P.&A. at 3.) Defendant's motion to dismiss did not present, and the court's May 5 order did not decide, this broader issue.

[3] Defendant concedes as much. (*See* Def.'s P.&A. at 3 ("Plaintiff also contends that the defendant violated § 1692e(5) by threatening an action which it did not intend to take.")). Defendant contends, however, that this claim, which is asserted as a class allegation (Compl. at 6), does not provide a basis for class certification. (Reply at 3.) As Plaintiff has not yet moved for class certification, and the issue of class certification has not been briefed, the court declines to consider it at this time. On the record before the court, Plaintiff alleges three claims on behalf of the putative class. (Compl. at 6.)

Accordingly, and immediate appeal would delay the ultimate termination of this litigation rather than advance it.

Last, Defendant maintains that there are substantial grounds for difference of opinion regarding the issue decided on motion to dismiss. Defendant concedes there "is a plethora of case law surrounding this issue, although none right on point." (Def.'s P.&A. at 1.) As reflected in the May 5 order, several Ninth Circuit cases address the legal issue which was presented in Defendant's motion to dismiss. (*See* Order Denying Def.'s Mot. to Dismiss, filed 5/5/06, at 4-5.) What Defendant is apparently arguing is that no cases address precisely the same language as that contained in Defendant's letter. This is insufficient to create an "exceptional situation" as required to grant a section 1292(b) certification.

For the foregoing reasons, Defendant's motion for certification of interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is **DENIED**.

**IT IS SO ORDERED**.

DATED: January 8, 2007

M. James Lorenz
United States District Court Judge

COPY TO:

HON. ANTHONY J. BATTAGLIA
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL