cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA KIGHT,<br><br>        Plaintiff,<br>v.<br><br>ESKANOS & ADLER,<br><br>        Defendant. | Civil No.05cv1999 (AJB)<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT**<br><br>Hearing Date:  January 18, 2008<br>Time:             10:00 a.m. |

      This cause came before the Court on the Joint Application for Certification of Settlement Class and Preliminary Approval of Class Settlement, which this Court granted. Notice was given in accordance with that Preliminary Approval Order. The parties now come before the Court in a joint application for final approval of the class settlement. A hearing was conducted on January 18, 2008, at which the Plaintiff and the class were represented by Douglas J. Campion of the Law Offices of Douglas J. Campion and Josh B. Swigart of Hyde & Swigart. Andrew M. Steinheimer of Ellis, Coleman, Poirier, LaVoie & Steinheimer appeared on behalf of defendant Eskanos & Adler. The Court has reviewed any objection to the class settlement it received, if any were received, and gave opportunity for oral objection during the hearing. Having reviewed and considered the briefing submitted by the Court, the settlement agreement, and any and all objections thereto, the Court finds:

      A.      Plaintiff and Defendant entered into a Class Action Settlement Agreement ("Settlement

Agreement"), that was preliminarily approved by the Court on September 10, 2007.

B.  The Settlement Agreement has been submitted to the Court for approval pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

C.  Notice to the class in a form approved by the Court when the Court granted preliminary approval, was provided in accordance with the Court's Preliminary Approval Order.

D.  The Court has been advised about all objections to the Settlement Agreement or motions to intervene that have been received.

E.  The Court having determined that, as to the Settlement Class, the Litigation meets all the prerequisites of Rule 23(a) of the Federal Rules of Civil Procedure, and that Plaintiff and Plaintiff's Counsel are adequate representatives of the Settlement Class, and Notice to the Settlement Class provisionally certified in this action pursuant to this Court's Order on Preliminary Approval was adequate and sufficient and complied with all the requirements of due process.

F.  The Court having determined that it has jurisdiction over the subject matter of this action and over all Parties to this action, including all members of the Settlement Class; and no objection having been filed by Settlement Class Members, or if filed, were withdrawn or overruled.

G.  Pursuant to the Settlement Agreement, Eskanos & Adler agreed to pay $29,500.00 as purported statutory damages to the Settlement Class Members. The names and addresses of all such Settlement Class Members shall be provided by Defense Counsel to Class Counsel forthwith. Such funds will be sent to the Settlement Class Members within 45 days from the Effective Date, as defined in the Settlement Agreement filed in this action.

H.  Pursuant to the Settlement Agreement, Eskanos & Adler will pay $1,500 to Plaintiff Amanda Kight as an incentive payment. Ms. Kight shall also be entitled to receive her pro-rata share of the damages paid by Defendant. Such payment shall be made to her through her counsel, made payable to her directly, and paid within five (5) days of the Effective Date, as defined in the Settlement Agreement filed in this action.

I.  Pursuant to the Settlement Agreement, Eskanos & Adler agreed to pay reasonable and

necessary attorneys' fees and costs in the amount of $20,000 jointly to the firms of the Law Offices of Douglas J. Campion, and Hyde & Swigart, within five (5) days of the Effective Date, as defined in the Settlement Agreement filed in this action.  In light of Plaintiff's Counsel's pending Request for Supplemental Attorneys' Fees, any judgment ordering such payment is deferred until resolution of the issue of Supplemental Attorneys' Fees.

J.     Approval of the Settlement Stipulation will result in substantial savings in time and money to the Court and to the Parties and will further the interests of justice.

K.     The Settlement Stipulation is the result of good faith arms-length negotiations by the Parties thereto.

IT IS HEREBY ORDERED THAT:

1.     The definitions and terms set forth in the Settlement Agreement dated as of August 15, 2007, are hereby incorporated in this Final Judgment and Order of Dismissal ("Final Judgment").

2.     The Members of the Settlement Class that have filed requests for exclusion are not bound by this Judgment. They are listed in Exhibit A attached hereto. Settlement Class Members who have duly and timely requested such exclusion may only pursue their own individual remedies, if any, as allowed by law. The Members of the Settlement Class who did not timely request exclusion are bound by this Final Judgment and by the Settlement Stipulation, including the releases provided for in this Final Judgment and pursuant to the Settlement Stipulation. The Court grants the parties' joint request for final approval of the Class Settlement Agreement. The Court finds that the terms of the Settlement Agreement are fair, reasonable, and adequate to plaintiff and all members of the Settlement Class. In addition to the other factors stated herein, the Court finds the Settlement Agreement to be particularly fair, adequate, and reasonable in light of the risk of establishing liability and damages, and the expense of further litigation.

3.     In certifying this action as a plaintiff class action, the Court found and finds that: (1) the members of the Class are so numerous that joinder of all class members in this action is impracticable; (2) there are questions of law and fact common to the members of the Class; (3) the claims or defenses of the representative party are typical of the claims or defenses of the Class; (4) the representative party and her counsel have fairly and adequately protected the interests of the Class; (5) the questions of law and fact

common to the members of the Class predominate over any questions affecting only individual members of the Class; (6) a class action was and is superior to other available methods for the fair and efficient adjudication of the controversy, considering, *inter alia*, (a) the interest of members of the Class in individually controlling the prosecution or defense of separate actions, (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the Class, (c) the desirability or undesirability of prosecuting the litigation of these claims in this particular forum, and (d) the difficulties likely to be encountered in the management of the class action

4.  The Court finds that the distribution of the Notice as provided for in the Preliminary Approval Order and the Settlement Agreement, was appropriate under the circumstances, and fully met the requirements of Federal Rule of Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law

5.  In accordance with the Settlement Agreement, and the Order on Preliminary Approval, First Class, Mr. Caines, on behalf of the class administrator, filed declarations with the Court stating the Notices of Class Action Settlement of the proposed settlement of the Litigation (the "Settlement Notice") and the opportunity to request exclusion from the Class were mailed to the Settlement Class members as ordered by the Court in the Preliminary Approval Order. Those declarations of mailing were filed with the Court on or about November 16, 2007 and January 15, 2008.

6.  Plaintiff Amanda Kight and the Settlement Class members are forever barred and enjoined from initiating or further prosecuting in any forum whatsoever, including but not limited to any federal, state, or foreign court against defendants and their heirs, current and former officers, directors, successors, predecessors, executors, administrators, assigns, shareholders, affiliated companies, insurers, attorneys and employees, any and all claims, controversies, liabilities, actions and/or causes of action made in this litigation. This release is conditioned upon the performance by Defendant Eskanos & Adler of its obligations toward Plaintiff and the Settlement Class members as set forth in the Settlement Agreement and detailed above. Any and all obligations by any debtor to any Eskanos & Adler client or to Eskanos & Adler are specifically not released.

7.  Through the class administrator First Class, Eskanos & Adler shall pay $29,500.00 (the

"Settlement Fund") as statutory damages to the Settlement Class Members to this Order and Judgment pro-rata, that is with each Settlement Class member to receive an equal share of the $29,500. Such funds will be sent to all of the Settlement Class Members within 45 days from the Effective Date, as defined in the Settlement Agreement filed in this action. If all such funds are not cashed by the Settlement Class members, or for whatever reason there is an amount left in the Settlement Fund after 180 days from the Effective Date, that amount left shall be paid to the San Diego County Legal Aid Society, payable through Class counsel. The Class Administrator First Class shall advise Class counsel of the status of the payments, including how many persons have not cashed their checks or otherwise not received their payments, upon inquiry by Class counsel and independently in writing no later than 180 days after the Effective Date. First Class, as the Class Administrator, shall file a declaration with the Court confirming completion of the settlement distribution. Defendant shall be solely responsible for the costs of administering and paying the settlement fund to the Settlement Class members.

8. Eskanos & Adler shall pay (a) $1,500 to Plaintiff Amanda Kight as an incentive payment. Ms. Kight shall also be entitled to receive her pro-rata share of the damages paid by Defendant. Such incentive payment shall be made to her through her counsel, made payable to her directly, and paid within five (5) days of the Effective Date, as defined in the Settlement Agreement filed in this action.

9. This Litigation is dismissed on the merits and with prejudice against Plaintiff Amanda Kight and all Settlement Class Members, and this dismissal shall be without costs to any party, except as otherwise provided herein.

10. The claims alleged by Plaintiff are hereby dismissed with prejudice as to Plaintiff and all members of the Settlement Class; and this dismissal shall, to the maximum extent permitted by law, operate as *res judicata* and collateral estoppel so as to bar any future suits under those provisions so long as they arise from or are related to the subject matter of the Litigation during the Class Period.

11. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement; (b) this action until this Final Judgment becomes final and each and every act agreed to be performed by the Parties has been

performed pursuant to the Settlement Agreement; and (c) all Parties to this action for the purpose of enforcing, administering and interpreting the Settlement Agreement.

IT IS SO ORDERED.

DATED: January 25, 2008

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court